```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROBERT FRIEDMAN,

                         Plaintiff,            MEMORANDUM & ORDER
                                               22-CV-980(EK)(JRC)

          -against-

 ESHEL HOTEL,

                         Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Robert Friedman, proceeding *pro se* and *in forma pauperis*, filed this instant action in February 2022 against Eshel Hotel.[1] The complaint alleges that the Eshel Hotel is liable for the intentional infliction of emotional distress ("IIED") because its manager told Friedman "[he was] not allowed to enter or stay in the hotel" after he "ask[ed] to stay for the night." Compl. 5, ECF No. 1.[2] Friedman asserts that Defendant's conduct was based on his disability (Tourette Syndrome). *Id.* Plaintiff has invoked the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and seeks $200,000 in damages. *Id.*[3]

---

[1] Magistrate Judge James Cho granted Friedman's request to proceed *in forma pauperis* on February 24, 2022. ECF No. 4.

[2] Page numbers in citations to record documents refer to ECF pagination.

[3] Friedman is a citizen of Ohio; Eshel Hotel is a citizen of New York. Compl. 4-5.

For the reasons set forth below, the complaint is dismissed under 28 U.S.C. § 1915 because it fails to state a claim on which relief may be granted.

## I. Legal Standard

At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[4] *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II. Discussion

The intentional infliction of emotional distress is a state-law tort. "A federal court sitting in diversity applies the choice-of-law rules of the forum state." *See Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021). Thus, New York's choice-of-law rules apply. In tort cases, New York "applies the law of the state with the most significant interest in the litigation." *Id.* Given that the incident leading to the litigation occurred in New York and the defendants are citizens of New York, New York tort law applies.[5]

---

[5] In any event, there is no conflict between the IIED laws of New York and Ohio, Friedman's state of citizenship. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618-19 (6th Cir. 2014) ("Under Ohio law, to prevail on

3

Under New York law, "a plaintiff claiming intentional infliction of emotional distress must plead four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44, 47 (2d Cir. 2016).

Even read liberally, the complaint does not plausibly allege these elements. The standard for stating a valid claim of intentional infliction of emotional distress is "rigorous, and difficult to satisfy." *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993); *see also Ibraheem v. Wackenhut Servs., Inc.*, 29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014) ("In New York, the tort of IIED is extremely disfavored."). To succeed, a plaintiff must show that the defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell*, 612 N.E.2d at 702 (quoting Restatement (Second) of Torts

---

a claim for intentional infliction of emotional distress, a plaintiff must establish the following four elements: 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it.").

4

§ 46 cmt. d (1965)). Indeed, "[a]ctions likely to be considered reprehensible by most people are not sufficient." *DiRuzza v. Lanza*, 685 F. App'x 34, 37 (2d Cir. 2017) (applying New York law); *see also Chanko v. Am. Broad. Cos.*, 49 N.E.3d 1171, 1179 (N.Y. 2016) (concluding that a broadcaster's airing of recording of a patient's last moments of life "was not so extreme and outrageous" even though the conduct "would likely be considered reprehensible by most people"). Whether a plaintiff's allegations "may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999); *see also Howell*, 612 N.E.2d at 702 ("In practice, courts have tended to focus on the outrageousness element, the one most susceptible to determination as a matter of law.").

The instant complaint speaks in conclusory terms and provides little detail about the February 21, 2022 interaction between Friedman and Eshel Hotel's manager. *See* Compl. 5. Indeed, Friedman alleges only that the manager "said that I am not allowed to enter or stay in the hotel based on my disability Touret Syndrome [sic]," and that he "ha[s] a witness . . . who heard it on my cell phone." *Id.* These allegations, taken as true, do not "go beyond all possible bounds of decency" or describe conduct that is "utterly intolerable in a civilized

5

society." *Stuto*, 164 F.3d at 827; *see, e.g.*, *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 270 (E.D.N.Y. 2009) (dismissing IIED claim based on "defendants' alleged conduct in failing to provide the requested [housing] accommodations and bringing retaliatory eviction proceedings"); *Nektalov v. Kuwait Airways Corp.*, No. 15-CV-33, 2016 WL 5678549, at *10 (E.D.N.Y. Sept. 30, 2016) (dismissing IIED claim where defendant airline refused to allow plaintiff passenger to board based on her Israeli citizenship).  The complaint also falls short in its allegations of severe emotional distress, among other elements; Friedman's complaint is devoid of any content that describes any distress he faced as a result of the incident, let alone emotional distress that could be described as "severe."

### III. Conclusion

The complaint filed *in forma pauperis* is dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff shall have thirty days to file an amended complaint.  Plaintiff is warned that any amended complaint that fails to satisfy an element of the claim may be dismissed with prejudice.  All pending motions are disposed of via this order.

The Court notes that Plaintiff has filed various actions in this district, including one with a fact pattern that closely parallels the one alleged here, and two such prior cases

6

have been dismissed *sua sponte*.[6]  "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."  *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).  Plaintiff is warned that this Court will not tolerate vexatious litigation.  Further frivolous filings may result in the issuance of an order prohibiting Plaintiff from filing any future lawsuits in this Court without first obtaining leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee_____
ERIC R. KOMITEE
United States District Judge

Dated:    August 23, 2023
         Brooklyn, New York

---

[6] *See Friedman v. Friedman*, No. 22-CV-978 (EK)(JRC) (dismissing IIED claim); *Friedman v. Hershkop*, No. 22-CV-979 (EK)(JRC) (same).  A number of other cases brought by Friedman remain pending.  *See Friedman v. Chocolatte Espresso Bar LLC*, 22-CV-1645 (EK)(JRC); *Friedman v. Hofstra University*, No. 23-CV-803 (EK)(JRC), *Friedman v. Mendy's Restaurant*, No. 23-CV-1120 (EK)(JRC); *Friedman v. Noribar*, No. 23-CV-1121 (EK)(JRC); *Friedman v. Winslow*, No. 23-CV-4324 (EK)(JRC).